1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EDWARD THOMAS,                        No. CIV S-09-0855-CMK-P

12                   Plaintiff,

13           vs.                           <u>ORDER</u>

14   J. WRIGHT, et al.,

15                   Defendants.

16   _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pursuant to the written consent of all parties, this case is before the

19   undersigned as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28

20   U.S.C. § 636(c).  Pending before the court is defendants' motion to dismiss (Doc. 9) for failure to

21   exhaustion administrative remedies.

22   ///

23   ///

24   ///

25   ///

26   ///

1

# I.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has faire notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

# II.  DISCUSSION

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be

named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in <u>Woodford v. Ngo</u> that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." <u>Id.</u> at 90. Partial compliance is not enough. <u>See id.</u> Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. <u>See id.</u> at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." <u>Id.</u> at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).

/ / /

1    In certain circumstances, the regulations make it impossible for the inmate to

2  pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

3  n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

4  prison officials as a "staff complaint" and processed through a separate confidential process,

5  prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

6  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

7  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

8  administrative review could provide relief, prison regulations require that the prisoner be notified

9  that such claims must be appealed separately.  See id. at 939.  The court may presume that the

10  absence of such a notice indicates that the grievance did not present any claims which could be

11  appealed separate from the confidential "staff complaint" process.  See id.

12    Defendants argue that plaintiff failed to obtain a director's level decision relating

13  to his claim before the instant action was filed.  In support of this argument, defendants provide

14  the court with declarations and other documentary evidence indicating that, as of the date this

15  action was filed, plaintiff had obtained director's level decisions on 102 inmate grievances.

16  Plaintiff obtained director's level decisions in six grievances with respect to events occurring in

17  2008.  The issues raised in these grievances are outlined as follows:

18    LOG NO.                ISSUE

19    HDSP-08-00384          Terrain unsuitable due to plaintiff's limited
20                          mobility.

21    HDSP-08-00064          Improper guilty finding on rules violation report
                            for refusing to accept a cell mate.

22    HDSP-08-00199          Excessive force by correctional officers Van Meter
                            and Andrews on January 10, 2008.
23
24    HDSP-08-00306          Library staff failed to provide photocopies.

25    HDSP-08-00612          Improper guilty finding on rules violation report
                            concerning incident on January 10, 2008.

26    HDSP-08-01275          Improper confiscation of property.

The evidence indicates that none of these decisions related to plaintiff's claims of excessive force by defendants on June 20, 2008.

In opposition, plaintiff argues that defendants and other prison officials destroyed his grievance paperwork and/or otherwise thwarted his ability to exhaustion administrative remedies. Plaintiff attaches as Exhibit A a document entitled "Staff Misconduct Citizen Complaint." The document bears the date "June 21st, 2008" and recites allegations of purported excessive force by Wright, Cottrell, and Gorby the day before. This document does not mention defendant Nelson. While the document bears no official file stamp, plaintiff states that he "filed" the document on June 21, 2008.

Plaintiff states that, on June 25, 2008, his "staff misconduct-citizen complaint" was returned to his cell "shredded" and "torn-up" with a notice indicating that it was not a proper staff misconduct complaint and did not relate to an emergency situation. According to plaintiff, on June 27, 2008, he re-sent his complaint directly to the prison warden and associate warden. He adds that, on July 10, 2008, he personally delivered another copy of his complaint to defendant Wright, but that it was "never returned back to plaintiff." Plaintiff contends that he also informed correctional counselor Vanderville of the June 20, 2008, incident and that Vanderville instructed plaintiff to submit an official "602" grievance, referring to the form used for inmate grievances. Plaintiff states that he also told Vanderville that he felt in imminent danger of further excessive force and requested a transfer to a different housing unit.

Plaintiff indicates that he mailed another copy of the "staff misconduct-citizen complaint" to the associate warden on August 10, 2008, and was told by the associate warden that the matter would be handled. According to plaintiff, he sent another letter to the warden and associate warden on August 19, 2008, requesting an investigation "regarding appeals being intentionally destroyed. . . ."

/ / /

/ / /

1    The entire premise behind plaintiff's argument is that the document he provides in

2  Exhibit A constituted his initial grievance concerning the June 20, 2008, incident and that further

3  review of this grievance was thwarted.  Plaintiff's argument is built on a flimsy foundation,

4  however, in that he does not establish the authenticity of the purported grievance at Exhibit A.

5  There is no official file stamp and it does not have any log number.  Further, as defendants

6  indicate in their reply, plaintiff's contention that he mailed copies of this document to various

7  individuals on June 27, 2008, August 10, 2008, and August 19, 2008, is belied by plaintiff's

8  outgoing mail logs.  Finally, it strikes the court as implausible that plaintiff was successful in

9  obtaining director's level review of 102 grievances by the time he filed this action but, at the

10  same time, this one particular grievance was singled out by prison officials to be thwarted.

11    The court has the obligation to look beyond the pleadings to any facts submitted

12  relating to exhaustion and to evaluate such facts to determine whether a claim has been

13  exhausted and, if not, whether the exhaustion requirement should be excused.  For the reasons

14  discussed above, the court finds that defendant's evidence meets their burden of establishing

15  non-exhaustion and that plaintiff's evidence is insufficient to meet his burden of establishing that

16  the exhaustion requirement should be excused in this case.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.    Defendants' motion to dismiss (Doc. 9) is granted; a

19    3.    This action is dismissed without prejudice; and

20    3.    The Clerk of the Court is directed to enter judgment and close this file.

22  DATED:  September 25, 2009

23

24  **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE